Dows and another *vs.* BIGNALL.

In trover for bank notes, where the declaration describes them as " bank notes commonly so called " issued by certain incorporated banks, the names of which are set forth, and where the number of notes demanded and the denomination of each are also stated; *Held*, that the parties to and legal effect and substance of said notes are sufficiently stated.

The description amounts to saying that the notes were payable on demand to bearer, and were made by the several corporations named.

ACTION of trover. Plaintiffs in their declaration allege that at a certain time, in the city and county of New York, they " were lawfully possessed, as of their own property, of certain bank notes, commonly so called, issued by each of the incorporated banks of the state of New York, commonly called and known as the Bank of America; the Bank of New York,"—here follows an enumeration of many more of said banks, designating them by certain names, as the two above are described,—and then an averment as follows, " and of certain other bank notes, commonly so called, issued by each of the incorporated banks of the state of Maine, commonly called and known as The Augusta Bank," &c., naming many such; and then similar averments as to incorporated banks of the states of New Hampshire, Vermont, Massachusetts, Rhode Island, Connecticut and New Jersey. The declaration then alleges as follows, " that is to say of ten thousand of said bank notes issued by each of said banking incorporations for the payment of one dollar each;" then follow like averments as to notes of other denominations, each issued by said incorporations, except those of New York, of two, three and four dollars each, and others of five, ten, twenty, fifty and one hundred dollars each, of great value, to wit, &c. Then follows a statement as to certain checks, and then the count states that the plaintiffs being so possessed thereof casually lost said bank notes and checks, and each and every of them out of their possession, and the same afterwards came to the possession of the de-

fendants by finding, &c. There are nine other counts to the same effect.

Defendants demurred to so much of said counts as relates to the bank notes, assigning special causes, and objecting that it is not shown who are parties to the said bank notes, or of what kind they are, or to whom payable, or by whom made. That the description is too uncertain and indefinite, and that the counts embrace too great a multiplicity of particulars and produce great and unnecessary prolixity to the pleadings. Joinder.

The general issue was pleaded to the portions of the counts not demurred to.

*J. B. Staples*, for defendants, cited *Orton* v. *Butler*, 5 Barn. and Adol., 652 ; *Egan* v. *Thulfull*, 5 Dowl. and Ryl., 326 ; *Taylor* v. *Wells*, 2 Saunders, 74 a, n. 1 ; *Thornton* v. *Bernard*, 2 Ld. Raym., 991 ; *Pierson* v. *Townsend & al.*, 2 Hill, 550.

*J. S. Bosworth*, for plaintiffs, cited *Keith* v. *Jones*, 9 Johns., 120 ; *Taylor* v. *Wells*, 1 Saunders, 49 ; 2 Ld. Raym., 1219, 991 ; 1 id., 192 ; 1 Chit. Pl., 258 ; Stephens on Pl., 368, 3d Amer. ed. of 1837.

*By the Court*, BEARDSLEY, J. It is not unlikely that a greater number of counts is inserted in this declaration, than the plaintiffs' case can require, but that is not a point to be determined on demurrer, general or special. Each of these counts is drawn with great conciseness and precision, and it would be difficult to give as full and complete a description of the same number and kind of subjects, in fewer words than are here used.

The parties to the several contracts or securities claimed are sufficiently indicated, and the substance and legal effect of said securities are also stated.

The contracts are described as " *bank notes*, commonly so called," issued by certain incorporated banks, the *names* of which are set forth. The number of notes demanded, and the denomination of each are also stated.

A bank note, as commonly called and known, is payable

on demand, and to the bearer or holder thereof, and not to any person in particular, or to the order of any one. Bank notes are issued, that is made, for this is the true meaning of the word. These are described as bank notes, and are said to have been issued, and in this manner the substance of the several contracts, and the parties bound thereby are specified. The description given is equivalent to saying that the notes were, in terms, payable on demand, and to the bearer, and were made by the several corporations named. In this manner a very full and complete description of the securities in question is given.

We can know nothing of the precise number of notes in contest in the case; but if the number is as great as stated in the declaration, there is no ground for complaint that either count is unnecessarily prolix. There may be more counts in this declaration than is needful, but a demurrer can not reach that objection. If the defendant is, really, in doubt, what notes in particular are demanded, or is likely to be misled by so great a number and variety being described in the declaration, he can apply to the court, by special motion, to obtain a more particular indication of the notes in suit, and will be entitled to such a specification as can leave no doubt of the identity of the subject in controversy.

The pleading on the part of the defendant is a novelty in its structure; it commences as a demurrer to the entire declaration, but is afterwards limited to certain parts of the several counts; and then follows a plea of the general issue to the parts of the declaration which are not intended to be met by the demurrer. I know of no precedent for such a pleading, but, supposing it a formal demurrer, it is not well taken.

Judgment for the plaintiffs with leave to amend on the usual terms.